**LANDOVER CORPORATION, a Washington corporation doing business as Coldwell Banker Bain Associates, Plaintiff–Appellee,**

v.

**BELLEVUE MASTER LLC, a Delaware limited liability company, Defendant–Appellant.**

ed by 9th Cir. R. 36–3.

**Landover Corporation, a Washington corporation doing business as Coldwell Banker Bain Associates, Plaintiff–Appellant,**

v.

**Bellevue Master LLC, a Delaware limited liability company, Defendant–Appellee.**

Nos. 06–35326, 06–35362.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Oct. 29, 2007.

Dennis J. McGlothin, Esq., Barbara M. Barrilleaux, Esq., Olympic Law Group PLLP, Seattle, WA, for Plaintiff–Appellee.

Christopher Osborn, Esq., Rodrick J. Dembowski, Esq., Foster Pepper, PLLC, Seattle, WA, for Defendant–Appellant.

Before: D.W. NELSON, BEAM *, and

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit,

RYMER, Circuit Judges.

## MEMORANDUM **

Bellevue Master ("Bellevue") appeals from the district court's order granting summary judgment for Landover Corporation ("Landover"). Landover cross-appeals an entry of summary judgment against its claim for quantum meruit recovery. We affirm.

### A. Novation

The district court did not err when it denied Bellevue's affirmative defense of novation. A novation is the substitution of parties to a contract with the intent to discharge the initial debtor. *Sutter v. Moore Inv. Co.*, 30 Wash. 333, 70 P. 746, 747 (1902). In order to prove novation, a party must demonstrate (1) a mutual agreement; (2) among all parties concerned; (3) for the discharge of a valid existing obligation; (4) by the substitution of one party for another. *MacPherson v. Franco*, 34 Wash.2d 179, 208 P.2d 641, 642 (1949). The evidence must show that "the parties intended the new contract to cancel and supersede the original contract, and equity will not assume such an intention unless the intent clearly appears or substantial justice requires it." *Mutual Reserve Ass'n v. Zeran*, 152 Wash. 342, 277 P. 984, 987 (1929).

■ Landover was not a party to the contract between Bellevue and the subsequent developer, so that agreement in itself could not expressly discharge Bellevue of its obligations. Landover also did not discharge Bellevue's obligations when it signed a contract with the subsequent developer that released all "affiliates" of any duties. Black's Law Dictionary defines "affiliate" as "[a] corporation that is related to another corporation by shareholdings

or other means of control; a subsidiary, parent, or sibling corporation." BLACK'S LAW DICTIONARY 63 (8th ed.2004). Bellevue was not an affiliate of the subsequent developer under this standard. There is also no evidence that by entering into a contract with the new developer, Landover expressed an intent to discharge Bellevue of its obligations.

■ The district court did not err by not certifying the question of implied novation to the Washington State Supreme Court. Under any standard, Bellevue failed to establish that Landover impliedly consented to release Bellevue of its contractual duties. Landover was not under a duty to reaffirm the terms of the 2000 contract. Moreover, it was reasonable for Landover to enter into a new agreement with the subsequent developer as the term of its previous contract came to a close. Landover's conduct did not demonstrate that it intended to relinquish its rights under the 2000 contract with Bellevue. Accordingly, the district court properly found that there is no issue of fact on the question of novation.

### B. Surety

The district court did not err in denying Bellevue's affirmative defense of surety. "When a party contracts to perform a specified obligation, he cannot escape liability for nonperformance by delegating his duty to perform; he remains secondarily liable (as a surety) for performance of the duty promised." *Lonsdale v. Chesterfield*, 99 Wash.2d 353, 662 P.2d 385, 388 (1983). In order for a debtor to become a surety as to a creditor, there must be definite, specific and actual notice to the creditor of the event creating the suretyship. *Hemenway v. Miller*, 116 Wash.2d

*sitting by designation.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

725, 807 P.2d 863, 866 (1991); *see also Honey v. Davis*, 131 Wash.2d 212, 930 P.2d 908, 913 (1997). The creditor must consent to the assignment. *Hemenway*, 807 P.2d at 866. A material variation in the agreement between the assignee and obligor may discharge the surety of liability. *Spokane Union Stockyards Co. v. Maryland Casualty Co.*, 105 Wash. 306, 178 P. 3, 4 (1919).

■ There is no evidence that Bellevue gave Landover actual notice of the contract between Bellevue and the subsequent developer. There is also no evidence that Landover consented to an assignment of its contract with Bellevue. The record does not reveal an issue of fact as to whether a surety relationship was formed.

## C. Implied Waiver

The district court properly denied Bellevue's defense of implied waiver. A waiver is the intentional and voluntary relinquishment of a known right. *Jones v. Best*, 134 Wash.2d 232, 950 P.2d 1, 6 (1998). The burden is on the party claiming waiver to prove an intent to relinquish a contractual right. *Id.* Waiver may result from an express agreement or be inferred from unequivocal acts or conduct demonstrating an intent to waive. *Id.* A court should not infer waiver from ambiguous factors. *Id.* "The facts and circumstances relied upon must be unequivocal in character." *Voelker v. Joseph*, 62 Wash.2d 429, 383 P.2d 301, 306 (1963) (quoting *Dunbar v. Farnum*, 109 Vt. 313, 196 A. 237, 241 (1937)).

■ Bellevue argues that Landover's conduct qualifies as an implied waiver. Washington law clearly sets forth a high standard for proving waiver. *See Voelker*, 383 P.2d at 306. Silence alone never constitutes waiver unless a party has an obligation to speak. *Id.* Landover's silence did not constitute a waiver because it was under no duty to inform Bellevue of its agreement with the subsequent developer.

The evidence submitted by Bellevue is not sufficient to raise a genuine issue of material fact as to whether Landover unambiguously waived its rights under the 2000 contract.

## D. Estoppel

The district court did not err in denying Bellevue's affirmative defense of estoppel. To claim estoppel, a party must show (1) an admission or act inconsistent with a claim later asserted; (2) action in reliance; and (3) harm caused by such reliance. *Bd. of Regents of the Univ. of Washington v. City of Seattle*, 108 Wash.2d 545, 741 P.2d 11, 14 (1987). Silence may constitute an admission where a party has a duty to speak. *Ticor Title Ins. Co. of California, Inc. v. Nissell*, 73 Wash.App. 818, 871 P.2d 652, 655 (1994).

■ There is no evidence that Landover made an admission or took action inconsistent with this claim. Landover had no fiduciary obligation of disclosure, so its silence cannot be construed as an admission. Landover's conduct in negotiating a new contract with the subsequent developer as the 2000 contract expired is not inconsistent with an action to enforce Bellevue's obligations. Bellevue has not submitted sufficient evidence supporting an estoppel defense.

## E. Quantum Meruit

The district court properly denied Landover's alternative claim for quantum meruit recovery. Quantum meruit is an equitable doctrine that provides compensation for the reasonable value of services rendered. *Kintz v. Read*, 28 Wash.App. 731, 626 P.2d 52, 55 (1981). The circumstances must show a mutual intention on the part of the parties to contract with each other.

*Id.* A party must show (1) valuable services were rendered; (2) the services were accepted and enjoyed by the person sought to be charged; and (3) the circumstances show that it would be inequitable to retain the benefit without paying its value. *Dragt v. Dragt/DeTray, LLC,* 139 Wash. App. 560, 161 P.3d 473, 482 (2007).

■ Washington's statute of frauds states that "an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission" must be in writing. WASH. REV.CODE § 19.36.010(5). The plain terms of Washington's statute of frauds precludes a quantum meruit claim. Landover was a real estate agency hired to sell real property-condominiums. Landover's right to receive commissions falls within the statute of frauds, thereby barring quasi-contractual recovery.

### CONCLUSION

For the foregoing reasons, the district court properly held that Bellevue's affirmative defenses and Landover's quantum meruit claim were without merit.

**AFFIRMED.**